BOUTALL, Judge.
Circle, Inc. brought suit on a public sewerage contract against the Board of Supervisors, Sewerage District No. 2, St. Bernard’ Parish, La. in the amount of $258,384.84, contending that amount is owed because of extra work, forced delays in performance, changes in the contract and the location of performance of the contract, and several other breaches of contract, and in the alternative, for an amount due and based upon unjust enrichment and quantum meruit. The defendant denied that it owed any sum beyond the contract amount, with the exception of work done under a late change order and certain extra work not covered by a change order but agreed upon by letter. The trial court rendered judgment in the amount of $6,896 for these two extra items and denied plaintiff’s claim for any other payments. Plaintiff has appealed.
The key issue about which this suit revolves is the effect of change order No. 2 to the original contract. The original contract, dated September 12, 1967, provided that the contractor would construct certain sanitary sewerage system extensions and collection lines enumerated “in consideration of the unit prices for the work herein specified totalling Two Hundred Eighty One Thousand Seven Hundred Seventy Eight Dollars and Twenty Six Cents ($281,-778.26) in the proposal to be paid by the Owner to the Contractor at the time and in the manner hereinafter provided * * * ”
After .entering the contract, it became apparent to the parties that because of unexpected soil conditions in some areas, and a change in location in other areas caused by difficulty of obtaining right of way and existence of other obstructions to installation of the line, that some changes were necessary in the proposed construction plan. There were considerable negotiations between the parties as shown both in the testimony and in the letters to each other introduced in evidence. This culminated in the execution of change order No. 2 which provided for the relocation of certain collection lines and raising and redesign of others, granting an extra 56 calendar days for completion and adding an additional fee of $3,020.01. The change order concluded with the following provisions:
“The contractor further agrees to perform all of the foregoing work in accordance with the established unit prices, however, total construction cost for this work is not to exceed the original contract amount, plus the five percent contingency allowance, or $295,867.17. Additional work authorized by the district subsequent to this change order, and the previously authorized 255 lineal feet of additional sewer line installed at Cane Road and Farmsite is not to be included in this total approved construction cost.”
Appellant contends that the change order is not supported by any consideration, that it does not preclude the contractor from being paid his reasonable added cost resulting from delays, changes and other *608 breaches of contract enumerated. It contends that it would not have entered into such sweeping changes for the additional sum of $3,020.01, and that that amount is so small that it constitutes no consideration. To this proposition we answer that the change order was obviously not entered into simply upon the consideration of the $3,000 plus supplement. It is obvious that the entire contractual obligation is involved in the making of the change order and that it was the subject of much consideration and negotiation between the parties. The change order itself is plain and understandable, and it means exactly what it said. It is obviously a compromise between the parties after negotiation in which all of the rights and obligations of each were explored and finally settled by the signing of the change order. Contracts made between such parties have the force of law between them, and this contract clearly provides that the contract price shall not exceed $295,867.17. Although plaintiff may have perhaps made a bad bargain, he did make a legally binding contract and he is entitled to recover only that amount.
As to appellant’s other issues, that the Board of Supervisors caused unnecessary delays and other breaches of contract which caused the contractor extra expenses and damages, the evidence presented does not support that proposition. Although the trial judge in his reasons for judgment made no remarks as to the credibility of the witnesses, the record shows that there is sufficient evidence on behalf of the defendants to show that most of the delay that took place on its behalf took place before the entry of change order No. 2, and as a consequence is governed by the execution of that change order. The evidence of certain items of expense and delay incurred thereafter is counter-balanced by equally as credible evidence that these conditions were not brought about by the defendant, and we conclude that a fair consideration of all of the evidence simply does not show violations of the contract by the Board of Supervisors which would permit recovery beyond the terms of the contract, or under any theory of unjust enrichment or quantum meruit.
Accordingly, for the reasons above expressed, the judgment appealed is affirmed.

AFFIRMED.